IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAURA GOMEZ,

    Plaintiff,

vs.    Civ. No. 08-CV-00045-MV-LAM

HEALTH RESOURCES ALLIANCE;
COVENANT ALLIANCE REHAB, LLC;
KEN STEBLER; SYLVIA GALINDO; and
JANE CROCKETT

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Remand (Doc. No. 6 filed February 15, 2008). The Court, after considering the Parties arguments and the relevant law, will, for the reasons stated below, **GRANT** the Motion.

**Factual Background**

Plaintiff alleges the following facts. (*See* Doc. No. 1-2, filed January 11, 2008, "Complaint"). Defendant Alliance Rehab, LLC ("Alliance"), hired Plaintiff in January of 2005 as a full-time, certified occupational therapy assistant. (*Id.* at ¶ 7). Plaintiff assisted Defendants Stebler and Galindo in managing Alliance's operation. (*Id.* at ¶ 8). Defendant Crockett was Regional Director of operations of Alliance and was the direct supervisor above Stebler, Galindo and the Plaintiff. (*Id.* at ¶ 6).

During the course of 2005, Plaintiff believed Stebler was engaged in inappropriate and unethical behavior including Medicare Fraud. (*Id.* at ¶¶ 10-14, 16-22). Plaintiff met with Stebler to discuss her concerns about his behavior. (*Id.* at ¶ 11).

Plaintiff contacted Crockett to advise her of concerns about Medicare fraud and other inappropriate behavior by Stebler. (*Id.* at ¶ 15). During the same time period Stebler engaged in "oppressive and offensive sexual conduct" towards Plaintiff. (*Id.* at ¶¶ 16-19). After Gomez advised Crockett of Stebler's inappropriate sexual conduct, Crockett "did nothing about it." (*Id.* at ¶ 21).

Plaintiff faxed a statement regarding Stebler's conduct to Alliance's human resources department. (*Id.* at ¶ 22). After Stebler resigned, Galindo was appointed director. (*Id.* at ¶¶ 23-25). Plaintiff then "began to experience frequent unsupported, unreasonable, and unsubstantiated criticisms, retaliatory measures, reprimands and adverse employment actions." (*Id.* at ¶ 25). In April of 2006, Alliance advised Plaintiff that adverse employment actions were being taken against her "due to rumors that she had reported Stebler's inappropriate actions because he ended an affair with [Plaintiff]." (*Id.* at ¶ 30). Plaintiff was being assigned less work and had her clients reassigned to junior and part-time therapists. (*Id.* at ¶ 31).

Plaintiff filed a charge of discrimination on May 12, 2006. (*Id.* at ¶ 32). Plaintiff took medical leave from May 1, 2006 until August 2, 2006 due to a work related injury. (*Id.* at ¶ 33). Various retaliatory actions were taken against the Plaintiff upon her return. (*Id.* at ¶ 34). Defendant's actions created "unbearable working conditions" that forced the Plaintiff to resign. (*Id.* at ¶ 35).

**Procedural Background**

Plaintiff filed two complaints based upon the facts summarized above, one in federal court and another in state court. The factual allegations in both complaints are essentially identical. (*Compare* ¶¶ 10-45 of the federal complaint in 07cv1203 *with* ¶¶ 7-42 in the state complaint). The complaint in federal court alleges only one cause of action pursuant to 42 U.S.C. §2000(e) *et seq* Equal Employment Opportunities. (*See* 07cv1208, Doc. No. 1, filed November 29, 2007). The complaint in state court alleges only state-law causes of action: (1) violation of the New Mexico Human Rights Act; (2) intentional infliction of emotional distress; (3) intentional interference with contract; (4) prima facie tort; (5) civil conspiracy; and (6) wrongful termination. (Complaint at 8-11). Defendants removed the state action to this Court on January 11, 2008. (Doc. No. 1). Plaintiff then filed her Motion to Remand which is now before the Court. (Doc. No. 6, filed February 15, 2008).

**Removal**

Removal is proper only if the federal court has original jurisdiction over the case. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed"). Defendants removed the state case to this Court contending that Plaintiff raised a federal question. (Doc. No. 1 at 3, filed January 11, 2008). In the absence of diversity, if federal subject matter jurisdiction exists, it must arise under a law of the United States. *See* 28 U.S.C. § 1331 (district courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States). "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d 1105,

3

1110 (10th Cir. 1994); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

There is no federal question on the face of the Complaint. The Complaint asserts six causes of action based on New Mexico statutory and common law, none of which are based on or rely on federal law.

Defendants claim that the "complicated federal Medicare scheme"and the "Medicare rate books and billing practices" will be the overriding theme in this case, and that "a federal question is interwoven throughout the Plaintiff's cause of action." (Doc. No. 11 at 4, filed February 29, 2008, "Response"). Defendants argue, without explanation, that Plaintiff's causes of action are dependent upon an interpretation of the federal Medicare Act. (*Id.* at 4-6). The Court disagrees.

The word "Medicare" appears in only three paragraphs of the Complaint. (Complaint ¶¶ 10, 15 at 57). Paragraph 10 states Plaintiff believed Stebler's inappropriate behavior included Medicare fraud; paragraph 15 states Plaintiff advised Crockett of her concerns about Medicare fraud; and paragraph 57 states Plaintiff was constructively discharged because she reported violations of Medicare law. (*Id.*). The presence of the word "Medicare" does not automatically confer federal question jurisdiction in this case. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"); *Karnes v. The Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) ("[A] *defendant* cannot, merely by injecting a federal

question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."). The Court concludes that federal law does not create Plaintiff's state-law causes of action and that Plaintiff's right to relief on those state-law causes of action does not require the construction of a federal statute and/or regulation. The Court also concludes that it does not have original jurisdiction over this case.

Defendants also argue that Plaintiff's two complaints are duplicative thereby by warranting that this matter not be remanded. (Response at 6-10). The two complaints are not duplicative. While the factual allegations in the two complaints are almost identical, the causes of action are not. One alleges six state-law causes of action; the other alleges one federal cause of action.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. No. 6, filed February 15, 2008) is hereby **GRANTED**. This matter is remanded to the Third Judicial District Court, County of Dona Ana, State of New Mexico.

Dated this 22nd day of September, 2008.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Mark S. Jaffe
P.O. Box 809
Albuquerque, NM 87103

*Attorneys for Defendants:*

Christopher T. Saucedo
Barbara J. Koenig

5

P.O. Box 100
Albuquerque, NM 87102

Charles W. Pautsch
330 E. Kilbourn Avenue
Two Plaza East, Suite 1475
Milwaukee, Wi 53202